Lanciano, Appellant, *v.* Brown.

Argued April 22, 1938.  Before KEPHART, C. J., SCHAF-
FER, MAXEY, DREW, LINN, STERN and BARNES, JJ.

*Lewis M. Stevens,* with him *James E. Gallagher, Jr.,*
and *Stradley, Ronan & Stevens,* for appellant.

*John P. Connelly,* for appellee.

OPINION BY MR. JUSTICE MAXEY, June 17, 1938:

Plaintiff brought an action in assumpsit against de-
fendant.  Both parties are lawyers.

On July 5, 1934, they entered into an agreement in
which it was provided: "All civil matters referred by

Brown to Lanciano which may, subsequent to such reference, be concluded by trial or settlement, will entitle the said Lanciano to a compensation of 33⅓% of the net fee received, if the case results in the receipt of a fee." This agreement was in existence until March 1, 1936.

On December 18, 1935, defendant began the trial of a case in the District Court of the United States for the Eastern District of Pennsylvania. Plaintiff alleged that "at the conclusion of the first day of the said trial, defendant referred the case to plaintiff and instructed plaintiff to take over, prepare and conduct the trial of the case in behalf of the plaintiff" in that case. On the following day, plaintiff took over the examination of witnesses and conducted a re-direct examination of one witness and the direct examination of two other witnesses. One of these witnesses gave expert testimony, which plaintiff alleged "was material and necessary in establishing the negligence of the defendant" in that case. On the third and last day of the trial, defendant called upon plaintiff to conduct the cross-examination of a witness for the defendant in that case, who gave expert testimony. A verdict was returned for the plaintiff in that case in the amount of $39,979, which was paid. Defendant in this case received a fee from his client of $18,695.07. The instant plaintiff claims one-third of this fee under the contract cited.

Defendant denied that he referred the case in question to plaintiff or that he instructed plaintiff "to take over, prepare or conduct the trial of the case upon behalf of the plaintiff therein." Defendant denied that he called upon plaintiff to conduct the cross-examination of any witness.

The issue was submitted to a jury and a verdict was returned in favor of plaintiff for the full amount claimed. Defendant made a motion for judgment n. o. v., which was later granted. This appeal followed.

There is no substantial dispute as to the facts of the case. The issue turned upon the interpretation of the

phrase "referred to" in the contract between the parties. The facts are that, in the case out of which this controversy arose, the instant defendant, Brown, prepared all the pleadings, made the opening address to the jury, and conducted the examination of all witnesses during the first day of the trial. At the conclusion of the first day's trial, the trial judge intimated that the court would grant a motion for nonsuit when made, if Brown produced no different evidence than he had already offered. Later that day in Brown's office, Lanciano, in a conference with Brown and several of Brown's witnesses, remarked to Brown that he thought he could prove what the trial judge wanted. Brown said: "All right, you take over. Here is Gibboney and here is Fawcett [expert witnesses for Sharp], take it from here." Lanciano then took Messrs. Gibboney and Fawcett into his own office, in the same suite, and spent several hours with them and prepared a hypothetical question. The next morning Lanciano said to Brown: "Bill, I think I have gotten this thing straightened out for you" and Brown replied: "Then go right on with it." Lanciano testified that he had prepared and had typewritten the hypothetical question and that Brown did not know its contents until he heard it in court and that Brown made no suggestions as to its wording or gave him any data relating to it. Lanciano, in court, took Brown's place at the counsel table, withdrew Gibboney from the stand, recalled a witness, Elmer Myers, and reëxamined him, and then examined Gibboney and Fawcett, asking them the hypothetical question he prepared, which questions were allowed over the objection of the defendant company's counsel. Lanciano also testified that he was prepared and expected to proceed with the conduct of the case but that Brown came from the part of the court room where he had been sitting and said to him: "Well you did it," and then said: "Now I am going to take it over from here." Lanciano then withdrew and Brown continued with the examination and cross-examination of all other

witnesses throughout the second day of the trial. During the third day of the trial, Brown came to Lanciano, who was in the court room, and said: "Cross-examine this witness, will you?" Lanciano did so. This ended Lanciano's connection with the case.

The court below held that this case was *not* "referred to" Lanciano within the meaning of their agreement, thereby entitling Lanciano to one-third of the net fee received by Brown. The court asks: "Was it that Lanciano was merely trying to give Brown the benefit of his experience in working as a United States Attorney with the Trial Judge, with no thought of compensation under paragraph one of their agreement and that Brown accepted the offer of assistance as such?" The court answered: "We think the latter conclusion is the correct one as evidenced by the remark of Lanciano to Brown the next morning when he said: 'Bill, I think I have got this thing straightened out *for you.*' Was Brown's reply: 'Well, go right on with it' to be construed by Lanciano that he was to conduct the case from there on, with a resulting fee, and the subsequent examination by Lanciano of the witnesses mentioned, such as to justify him in believing that the case had been 'referred' to him. We think not." The court below also says: "Brown always evidenced his intention of 'referring' a case to Lanciano by marking his initials opposite a case which he wanted Lanciano to try, after which Lanciano interviewed the witnesses and tried the case. The agreement between them was not to perform certain specific services, but to do generally all that was necessary to a successful handling of the litigation. This would include the trial and subsequent arguing for or against a new trial. Once having referred a case to plaintiff, it was in his sole hands as to its preparation for trial, and trial, without any control by defendant except as to a possible settlement thereof."

We cannot agree with the learned court below in its interpretation of the word "refer." This word has no

technical meaning and what its actual meaning was in the instant case, as used by these two attorneys, was a question of fact for the jury.

Plaintiff, when asked, "What was the nature of your services as to cases referred to you by Mr. Brown?" replied: "In those cases I was to go in and try them, all cases having been previously prepared by Mr. Brown's office organization, investigators, office manager and so forth." From this testimony, which on a motion for judgment n. o. v. is to be accepted at its face value, the inference must be drawn that by "referring" a case to Lanciano, was not meant that he was expected to attend to *every detail* of the case from its inception to its conclusion. It is also an inference fairly deducible from the evidence that when a case was "referred" by Brown to Lanciano, the latter was expected, in order to entitle him to the compensation provided for, to participate in the case to a *substantial extent*. That he did so in the case giving rise to this action is clear from this record. In fact, the inference is warranted that without plaintiff's participation in that case a verdict for the plaintiff would not have been recovered. We think that the court below erred in holding as a matter of law that Lanciano's remark about straightening out the case "for you," meant that Lanciano had rendered Brown a mere casual and gratuitous service. In the record of testimony, the phrase "for you" is not emphasized as it is by the court below in its opinion entering judgment n. o. v. The significance of this remark of Lanciano to Brown was for the jury.

The trial judge correctly charged the jury as follows: "In order for the plaintiff to recover here you must be satisfied from all the evidence that the matter referred to Lanciano comes fairly within the language of this clause [meaning the above quoted clause in the contract], and amounts to an item of a civil matter referred by Brown to Lanciano." The jury indicated by its verdict that it *was* so satisfied, and we find no justification

for disturbing its finding. In view of the fact that the parties did not, as they easily could have done, defined in their contract *exactly* what was meant by "referring" a case from one to the other, the question became, under the facts of this case, peculiarly one for the jury's determination.

The judgment of the court below is reversed and judgment is directed to be entered on the verdict.

Mr. Justice SCHAFFER dissents.